**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICHARD WIATREK, Individually and on behalf of others similarly situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. SA-17-CV-772-XR |
| FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF SAN ANTONIO LLC, | § § § § | |
| *Defendants.* | | |

**ORDER**

On this date, the Court considered the Corrected Motion for Conditional Certification filed by Plaintiff Richard Wiatrek (docket no. 13), and the Response and Reply thereto. After careful consideration, the Court will grant the motion as discussed herein.

**Background**

Richard Wiatrek alleges that he was employed as a distributor for Defendants Flowers Foods, Inc. and Flowers Baking Co. of San Antonio, LLC, and that they improperly misclassified him and other distributors as independent contractors rather than employees, resulting in violations of the Fair Labor Standards Act ("FLSA") overtime requirements.

Defendant Flowers Foods, Inc. ("Flowers Foods") is the parent company of numerous operating subsidiaries throughout the country, and Defendant FBC of San Antonio is one of those subsidiaries. Plaintiff alleges that Flowers Foods, by and through its subsidiaries such as Defendant FBC of San Antonio, ships bakery and snack products to warehouses, and local subsidiaries such as FBC of San Antonio contract with individuals classified as distributors,

1

who purchase distribution rights to sell and distribute certain branded products to customers within a defined geographic territory. Plaintiff Wiatrek contracted with FBC of San Antonio to be a distributor, and he operated out of the Kerrville warehouse. Plaintiff alleges that distributors arrive at a warehouse early in the morning and load their vehicles with Defendants' products and that, in addition to delivering Flowers Foods' products to customers, distributors stock the products on store shelves, retrieve outdated product, and assemble promotional displays designed and provided by Defendants.

Plaintiff alleges that he and other distributors were improperly classified as independent contractors when they were in fact employees. Plaintiff brings this FLSA suit on behalf of himself and other similarly situated employees pursuant to the collective action provisions of 29 U.S.C. § 216(b). Plaintiff now files this motion seeking conditional certification and issuance of a Court-approved notice to current and former distributors who work(ed) for Defendants and were classified as independent contractors and who did not receive overtime pay. Defendants oppose conditional certification.

## Legal Standard

The FLSA permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216. Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. This Court applies the two-step approach of *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), in regard to conditionally certifying a class and giving notice to putative class members. *Botello v. COI Telecom, LLC*, No. 10-CV-305-XR, 2010 WL 5464824 (W.D. Tex. Dec. 30, 2010); *Bernal v. Vankar Enterps., Inc.*, No. SA-07-CA-695-XR, 2008 WL

791963, at *3 (W.D. Tex. Mar. 24, 2008).[1] The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage."

At the first stage, the Court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard, and is generally based only on the pleadings and affidavits. *Id.* at 1214. The consequence of conditional certification under § 216 is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

If the conditional certification is granted, the case continues through discovery as a representative action, and after discovery is completed, the defendant may file a motion for decertification. *Mooney*, 54 F.3d at 1214. At the second stage, the Court determines whether the putative class members are similarly situated, and if they are, then the representative action can continue. *Id.* If they are not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives allowed to proceed on their individual claims. *Id.*

## Analysis

Plaintiff contends that obtaining certification at the initial stage requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan, and that Plaintiff has made this showing through his pleadings and Affidavit. Plaintiff alleges that he regularly worked more than 40 hours each week and was not paid

---

[1] The Fifth Circuit has not yet ruled on how district courts should determine whether plaintiffs are similarly situated to advance their claims together in a single § 216(b) action. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015).

overtime for his work. Wiatrek Decl. ¶ 19. Plaintiff further alleges that all distributors were subject to the same payment policies. *Id.* ¶ 20. Plaintiff performed the same or similar work as other distributors in Defendants' bakery and warehouse operations--ordering, delivering and merchandising Flowers' products as well as bringing back product that did not sell.

Plaintiff alleges that Defendants retained the authority to enter into contracts according to terms Defendants negotiated without any input from Plaintiff. Wiatrek Decl. ¶¶ 7,8 and 10. Plaintiff alleges that he used hand-held computers provided by Flowers to log his daily deliveries and that he had to upload the handheld computer daily. *Id.* ¶ 9. Plaintiff alleges that he was required to make deliveries to all of Defendants' customers on his route regardless of whether doing so was financially beneficial for him or not. *Id.* ¶ 7, 18. Plaintiff alleges that they were not allowed to carry any competing products in their delivery vehicle. *Id.* ¶ 16. Plaintiff states that, to his knowledge, all distributors are paid in the same manner and subject to the same policies, and that he believes other current and former distributors would be interested in joining the current suit. *Id.* ¶¶ 20 and 21.

Plaintiff argues that this evidence demonstrates that Plaintiff and the other distributors are similarly situated with respect to their working conditions and compensation policy, and that Defendants' failure to properly compensate Plaintiff and other distributors is the result of Defendants' practice of classifying distributors as independent contractors and paying distributors on a commission basis even though their workweek hours exceeded 40 hours a week. Plaintiff further asserts that he is aware of other similarly situated persons, and thus requests permission to issue notice to all individuals who, at any point during the past three years prior to the filing of this lawsuit, were distributors for Flowers Foods, Inc. through an

agreement with Flowers Baking Co. of San Antonio, LLC, and worked more than 40 hours in a week during this time period.

Defendants object to the class certification and notice. They argue first that because no plaintiff has opted in, class certification should be denied on that basis alone. They note that, at the time Plaintiff filed this motion, this case had been pending for three months, without any opt ins, indicating that other similarly situated individuals do not exist and/or do not want to opt in. They assert that Plaintiff must show that other similarly situated persons want to opt in, and that courts in this circuit routinely deny certification in cases with no opt-in plaintiffs. Docket no. 15 at 13-14.

Defendants further contend that the distributorship agreements are expressly stated to be independent contractor agreements and contain "numerous indicia of independent contractor status." Defendants contend that the distributors are not similarly situated because distributors service different customers and have different account compositions and customers—distinctions impacting the operation of their distributorships and the entrepreneurial opportunities available. Specifically, Defendants assert, distributors service cash accounts, authorized charge accounts, and national accounts, and that payment terms vary. Richter Decl. ¶ 9 (Ex. 1). Defendants state that distributors collect cash for products sold to cash accounts directly, but can (and "many do") extend credit to their cash accounts, setting the payment terms, and that the amount of discretion varies from account to account and distributor to distributor. *Id*. Defendants contend that distributors can (and some do) operate their business as a corporation and/or hire helpers (*i.e*., employees of their own) to assist them in operating their business, and that under the Distributor Agreement, they may hire

employees or helpers on a fulltime basis and are not required to personally service their distributorship at all, and that helpers do not have to be approved by Flowers. Rich Decl. ¶ 4 (Ex. 2); Ex. 3 at § XV, ¶ 15.1.

Defendants argue that a number of courts have refused to conditionally certify a class "when determining whether the employer improperly treated the plaintiffs as nonexempt would require a highly individualized, fact-intensive inquiry," citing *Aguirre v. SBC Communs*, No. H-05-3198, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006) and other cases.[2] Defendants argue that the analysis of whether an employee is an independent contractor is highly dependent on the particular situation presented and involves a multi-factorial analysis about "what each putative class member actually did on a daily basis as part of that individual's ownership of an independent business which . . . can and does vary significantly between those in the putative class." Docket no. 15 at 8. Because significant individualized inquiries "overwhelm the analysis," Defendants assert that certification is inappropriate, or at the very least the class should be limited to the Kerrville warehouse.

As Plaintiff notes, however, many courts, including this Court, have certified classes in misclassification cases before. In *Botello v. COI Telecom, LLC*, No. SA-10-CV-305-XR, 2010 WL 5464824, at *6 (W.D. Tex. Dec. 30, 2010), this Court found that plaintiffs had met the "modest factual showing" with regard to the alleged joint employer defendants by providing affidavits declaring that their work assignments were controlled by the defendants, that plaintiffs were not permitted to negotiate any of the terms of service they would perform,

---

[2] Defendants cite *Herman v. Express Sixty-Minutes Delivery Service, Inc.*, 161 F.3d 299 (5th Cir. 1998), but that case was not about class certification. Rather, the Fifth Circuit was reviewing the district court's decision that the plaintiffs were independent contractors, and found that the district court did not err when three of the five factors weighed in favor of independent contractor status. And its evaluation was not plaintiff-specific; it considered all of the plaintiff drivers together.

that plaintiffs were not permitted to perform any services other than those directed by the defendant, nor could they negotiate any charges for their services. The Court concluded that the plaintiffs made "a plausible argument that they were improperly characterized as independent contractors, that both [defendants] were 'joint employers' and [they] should have been classified as employees." *Id.* at *7. In *Gonzalez v. Tier 1 Security*, No. 12-CV-806-XR, 2013 WL 1455587, at *2 (W.D. Tex. Apr. 8, 2013), the Court also conditionally certified a class of employees alleging they were improperly classified as independent contractors, noting that the issue of whether the plaintiffs were improperly characterized was a separate issue to be decided on summary judgment.

And Plaintiff notes that a distributor class was conditionally certified in *Rodriguez v. Flowers Foods, Inc.*, No. 4:16-CV-245, 2016 WL 7210943 (S.D. Tex. Dec. 13, 2016) raising essentially the same claims as in this case. Plaintiff contends that *Rodriguez* demonstrates both that class certification is appropriate and that there are persons who would want to opt in. The court in *Rodriguez* stated that "courts are split as to whether the economic realities test should be used when determining whether to conditionally certify an FLSA action concerning an allegedly wrongful independent contractor designation," citing this Court's opinion in *Gonzalez v. Tier 1* as being on the side of the split allowing certification. It noted that these cases allow certification because the economic realities test is a merits determination, not a certification issue, and "agree[d] with this analysis" to find "that the economic factors test is not appropriate at the first stage of FLSA class certification." *Rodriguez*, 2016 WL 7210943, at *3. *Rodriguez* had three plaintiffs at the time of certification, and eventually had over thirty

7

opt-in plaintiffs.[3] Plaintiffs also note that a distributor class has been conditionally certified in Louisiana, and numerous plaintiffs have opted in. *Richard v. Flowers Foods, Inc.*, No. 6:15-2557 (W.D. La. Nov. 28, 2016).[4] Distributor classes have also been certified in Arizona, *Coyle v. Flowers Foods, Inc.*, 2:15-1372, 2016 WL 4529872 (D. Ariz. Aug. 30, 2016); North Carolina, *Rosinbaum v. Flowers Foods, Inc.*, 238 F. Supp. 3d 738 (E.D.N.C. 2016); South Carolina, *McCurley v. Flowers Foods, Inc.*, No. 5:16-CV-00194-JMC, 2016 WL 6155740 (D.S.C. Oct. 24, 2016); New Mexico, *Medrano v. Flowers Foods, Inc.*, No. 16-350 JCK/KK, 2017 WL 3052493 (D.N.M. July 3, 2017); Pennsylvania, *Carr v. Flowers Foods, Inc.*, No. 15-6391, 2017 WL 393604 (E.D. Pa. Jan. 26, 2017); and other states.[5] The orders certifying the classes considered and rejected all of the same arguments asserted by Defendants here.

Plaintiff has stated in his affidavit that he believes other current and former distributors would be interested in joining this lawsuit if they were made aware of it. Docket no. 13-1, ¶ 21. This statement is based on his twenty years of experience working as a Distributor. The existence of several classes conditionally certified that have involved numerous opt-in plaintiffs supports the conclusion that other similarly situated distributors will want to opt in. The Court concludes that Plaintiff has made a sufficient showing for class certification.

Defendants contend that, if a class is certified, it should be limited to the warehouse in Kerrville from which Plaintiff operated. Plaintiff asks the Court to certify the class as all warehouses belonging to FBC of San Antonio, noting that, as in the other cases certifying

---

[3] The only difference in *Rodriguez* was that the class was limited to distributors who did not hire helpers. A class of distributors who did hire helpers was also certified in *Zapata v. Flowers Foods, Inc.*, No. 4:16-CV-676 (S.D. Tex. Dec. 20, 2016) by the same Judge.

[4] Plaintiffs further note that a motion for conditional certification of a distributor class is pending in *Watts v. Flowers Foods, Inc.*, No. 6:17-CV-424 (E.D. Tex.), which currently has two plaintiffs.

[5] Some courts have denied conditional certification, but have utilized the Rule 23 standard. *E.g., Soares v. Flowers Foods, Inc.*, 320 F.R.D. 464 (N.D. Ca. 2017).

distributor classes, Defendants have not shown why a plaintiff's status as an employee or independent contractor would vary by warehouse. The cases certifying distributor classes against Flowers Foods have not limited it to the particular warehouses utilized by the named plaintiff, and Plaintiff argues that other cases limiting a class to a particular location are distinguishable based on those particular workplaces and structures. Plaintiff thus contends that because Defendants have failed to show how a particular warehouse may affect the status of a distributor as an employee or an independent contractor and because evidence suggests that the policies and practices applicable to Flowers Baking Co. of San Antonio distributors are the same from warehouse to warehouse, notice should be sent to all Flowers Baking Co. of San Antonio warehouses. The Court agrees with Plaintiff.

Plaintiff requests a period of 90 days after the initial notices are mailed for opt-in plaintiffs to file their Notices of Consent, and also seeks permission to both mail (with a self-addressed, stamped envelope) and email the notices. Plaintiff also seeks permission to post notices of the lawsuit at Defendant's warehouses. Plaintiff states that most distributors work seven days a week and thus should have additional time to consider opting in. Plaintiff contends that these are reasonable conditions, and notes that other courts have approved them in FLSA actions. Docket no. 17 at 9 (citing cases).

Defendants contend that a 90-day notice and opt-in period is too long because there is no indication that any opt-in plaintiffs would be hard to locate or contact, and it should be 45 days at most. Defendants further contend that posting notice in the warehouses is unwarranted because it has not been shown that mail would be insufficient.

The Court finds that a 60-day notice and opt-in period is appropriate, with notices to be mailed only. The Court further finds that posting in the warehouses is not warranted

## Conclusion

Plaintiff's Corrected Motion to Conditionally Certify Class (docket no. 13) is GRANTED as stated herein.

The Notice attached as Exhibit B to the motion is approved, <u>except that Plaintiff shall correct the reference to "Flowers Baking Co. of Houston" on page 1 of the Notice</u>.

Plaintiff is permitted to send via regular mail the corrected notice along with a self-addressed stamped return envelope to Kennard Richard, P.C., to potential opt-in class members.

Defendants shall, within seven (7) days of the signing of this Order, provide Plaintiff's counsel with names and addresses of all individuals currently working or who have worked as distributors for Defendants during the three-year period before this lawsuit was filed.

The potential plaintiffs will have 60 days from the date the first notices are mailed to file their notices of consent with the Court.

It is so ORDERED.

SIGNED this 5th day of February, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE