IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD WIATREK, JOHN ALBERT, ARGELIO GARCIA, JERMAN GARCIA, LANCE JOHNSON, CHRISTOPHER LACEY, JORGE HUMBERTO LOPEZ, PAUL MUNOZ, JUAN PENA, ROLANDO VERASTEGUI, and KEVIN DENTHERAGE, <br><br> *Plaintiffs,* <br><br> v. <br><br> FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF SAN ANTONIO, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. SA-17-CV-772-XR |

**ORDER**

On this date, the Court considered the parties' Joint Motion for Approval of FLSA Settlement (docket no. 61).

**I. Background**

Plaintiffs Richard Wiatrek *et al*. filed this lawsuit against Defendants Flowers Foods, Inc. and Flowers Baking Co. of San Antonio, LLC seeking to recover unpaid overtime wages under the Fair Labor Standards Act. Plaintiffs allege that they are non-exempt employees and should be compensated for overtime.

**II. Analysis**

A. FLSA Provisions

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys*.,

450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The provisions of the FLSA are mandatory.

Judicial approval of a stipulated settlement after an employee has brought a private action is a recognized way of settling wage claims under the FLSA. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).[1] Judicial approval ensures that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

B. Bona Fide Dispute

The primary issue in this litigation is whether the Plaintiff and other Distributors are properly characterized as independent contractors or whether they are employees covered by the FLSA's overtime provisions. Defendants deny all liability, asserting that Plaintiffs are independent contractors and that even if they are employees, they are exempt under the Motor

---

[1] Not all FLSA cases require judicial approval. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012). However, it is this Court's practice to approve any settlement under the *Lynn's Food Stores* standard when the parties request approval.

Carrier Act exemption and/or the "outside sales" exemption. The Court concludes that there is a bona fide dispute over FLSA coverage in this case.

C. Fair and Reasonable Resolution

The Court has reviewed the terms of the settlement agreement and concludes that the settlement is fair and reasonable.

## Conclusion

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute.  The Joint Motion for Approval of FLSA Settlement (docket no. 61) is GRANTED, the settlement is APPROVED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.  This case is CLOSED, with each party bearing its own costs.

It is so ORDERED.

SIGNED this 31st day of August, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE